3 0 5 2 7 Robin Hastings v. State of Illinois and or Du Quoin State Fair et al. Council? When you're ready. Mr. Secretary? May I please record in Council. We're here today because the Illinois Court of Claims failed to stay within its jurisdictional limitations and failed to follow its own rules and standards in ruling on the state's motion for summary judgment. Its decision to grant the state's motion denied my client, the petitioner, her constitutional rights to procedural and substantive due process and should be reversed by this court. This case arises out of an accident which happened at the Du Quoin State Fairgrounds on August 21, 2008. At that time, Robin Hastings, the petitioner, slipped and fell as she was stepping from a sidewalk onto the concrete entranceway to what's called the new bathhouse. She suffered a broken kneecap and other injuries to her legs as a result of this accident. The sidewalk that she was walking on had what's called a broom finish, which is a coarser finish, while the entranceway had what's called a trowel finish, which is a smoother type finish. In addition, these walking surfaces had worn and eroded over the years, and the end result was that when the petitioner stepped from the sidewalk, which was less slippery, onto the concrete entranceway, her foot slipped just as if she would have stepped in a pool of oil or any other slippery substance. The petitioner hired an expert engineer to review the situation. The engineer concluded that there was a dangerous condition caused by the difference in the coefficient of friction between the sidewalk and the entranceway, and that's what resulted in this accident. All this factual material appears on the record, and at this juncture, at least, is basically undisputed. The state filed a motion for summary judgment in this case on two grounds. The first was an alleged lack of notice of the dangerous condition, and the second was that the statute of repose for construction activities barred this claim. The citation for the statute of repose is 735 ILCS 5-13-214, and as your honors probably know, it indicates that after 10 years following completion of construction, no further lawsuits can be filed involving those construction activities. Now, the petitioner obviously opposed the motion for summary judgment. Ultimately, the Court of Claims, without providing any sort of a written explanation or reasons at all for their decision, granted the motion for summary judgment. Our petition for a new trial, as it has to be styled in the Court of Claims, was also denied, at which point we then filed a petition for writ of certiorari in the case. And under the law, the only method of seeking recourse following a Court of Claims decision is through a writ of certiorari. And a writ of certiorari is limited to the issue of whether or not the Court of Claims denied the petitioner due process of law in its ruling. So it's our contention that the states, or I'm sorry, the Court of Claims' decision in this case denied the petitioner's procedural due process of law as well as substantive due process of law. Where is the procedural denial? I mean, you know, this case was filed, motion for summary judgment was filed. You had an opportunity to oppose that. I mean, there was notice, an opportunity to be heard. Where is the denial? That's all correct, Your Honor, that the procedural forms were filed. I mean, we were given a chance to oppose this. We filed written briefs, et cetera, et cetera. And weren't you allowed discovery? I'm sorry, what, Your Honor? Weren't you allowed discovery? Yes, we were allowed discovery, yes, Your Honor. With regard to procedural due process of law, however, the cases that talk about procedural due process do say that they involve the right to have a meaningful hearing at a meaningful time. And if a decision is made which is so totally off track as was made here, I think that implicates procedural due process. So would it be your argument that any time an administrative law judge or a judge in the trial court makes the wrong decision, clearly there's a denial of procedural due process? Because you didn't get a meaningful hearing because the judge was wrong. Is that what you're saying? The judge was wrong, we think, Your Honor. But also, here we're not dealing with a trial in the merits. We're dealing with a pretrial proceeding, a motion for summary judgment. That's all procedural. There are certain standards that have to be applied to this. And if the standards aren't met, and they're supposed to be rigorous standards, because the purpose of a summary judgment motion is supposed to be to weed out completely meritless claims. A summary judgment motion is not supposed to be granted if there is any issue of a genuine material fact, even taking into account the inferences that can be drawn from those facts. Everything is supposed to be looked at in favor of the opponent of this motion. Isn't that in and of itself a process? Well, that's what I'm trying to say, Mr. Reiner. That is a process. The issue of summary judgment is not necessarily to weed out frivolous claims, but to scrub the facts and make sure there's no genuine issue of fact left that could possibly be litigated. Well, I agree with you, Your Honor. I was sort of equating that to a meritless claim, I guess. And if there's no genuine issue of material fact and the requirements of summary judgment are met, then that means – in effect, that means that the case is lacking in merit, I guess is what I was getting at. Okay. Here's the problem. If we accept this argument that you're making about, then aren't we, in effect, just allowing a direct review of the decision the court of claims made? It's difficult to distinguish between the two. Having a hard time distinguishing between the two. Well, procedure shades into substance and vice versa. With certain procedures, I mean, you have to look at the substance to see – make a judgment on the procedure. But you agree there's no procedure for us to have a direct review or for the circuit court? Well, according to the Illinois Supreme Court, the review is a writ of certiorari, and it's supposed to be limited to constitutional issues. I'm not trying to fork your question, Your Honor, but for me it's almost like a dog chasing its own tail or which came first, the chicken or the egg kind of an argument. That's the problem I'm having is making a distinction here. I mean, if basically they were so wrong that you're denied procedural due process, then wouldn't you almost in any court of claims case be able to argue to the court that they made the wrong decision, therefore we were denied procedural? Well, Your Honor, I think it does get back to procedure here, though, because if this case had proceeded to an actual trial with the court of claims and we lost and all the evidence was presented as we have in the record already, I wouldn't be here often. I would not – we would have no basis for any sort of a certiorari request at that point because there the evidence was heard that the court of claims was entitled to judge the value of the evidence and just make a factual decision. Here we're dealing with a pretrial matter, summary judgment, and in a summary judgment hearing, the standard to be applied is supposed to be so rigorous, I think, that in effect if a court erroneously grants a summary judgment, then that's pretty close to being arbitrary and capricious right there because the court is only supposed to grant summary judgment, once again, if there are no issues of material fact and we know what all those standards are. So we're contending that this does involve issues of procedural due process, not just substantive due process. If you look at the substance of what was done here, to my mind, I've never seen a more arbitrary and capricious decision in my life. The two issues raised by the State were, number one, lack of notice, number two, that statute of repose. On the issue of notice, if the State has actual or constructive notice of the dangerous condition, then that's sufficient as an element of negligence. Here, the superintendent of maintenance for the DuPoint State Fair admitted he knew that there was a difference in the finish of the sidewalk as opposed to the entranceway. In effect, he was admitting he knew that there was a difference in the coefficient of friction between those two walking surfaces, although he didn't use those terms. Did he say that he knew one was more slippery than the other and was more likely to allow a person to... He did not say, he did not go that far, Your Honor, but he did recognize the difference and the difference is really apparent. You can see it by looking at the two walking surfaces. A groomed surface, a groomed finish surface obviously has what looks like groom marks in it. But isn't that like saying in a grocery store, if you have a puddle of water on the floor, it's going to be more slippery? You've got to get to the next point. I agree. You've got to get to the approximate cost, to the notice provision. Well, the state didn't argue that they were entitled to summary judgment on any issue other than notice. So that's why we can find an argument to the notice issue. And you all abandoned the argument on the 10-year statute of repose, didn't you? Well, we don't think the statute of repose applies here at all, Your Honor, because our claim does not involve construction-related activities. It involves the ongoing duty of a property owner to maintain its property in reasonably safe condition. And the cases all indicate that if that is what the basis of the claim is, then that statute of repose does not apply. Did they raise the issue of act of God with the rain? They did not. They did not raise that, Your Honor. If the court of claims granted the summary judgment on some basis other than what the state brought up, then we have no way of knowing that. We have no opportunity to brief it or to present any contrary arguments or anything else. So if the court of claims decided the case on that issue or any other that was not brought before the court of claims, once again, we think that that's a violation of our client's procedural due process of law rights, because we would have been deprived then of any opportunity to, you know, contest the matter. But that was not raised by the state. So it's our contention that there's evidence of actual notice of this condition. Now, the notice doesn't have to be that it's a dangerous condition, just that there's a condition. The cases make that clear. So we have a superintendent, a manager or employee, knowing about the condition. That's actual notice. Secondly, this condition, according to the evidence, which the court of claims was supposed to simply accept on a summary judgment motion as being true, that condition was out there in claim view for years and years. The Deploying State Fair's employees would walk by there every day. There was even somebody who tried to fix a crack in the walking surface. So there was ample evidence of constructive notice. So despite the fact that there was actual notice and constructive notice, and that's all the evidence we had in the case, presumably the court of claims granted the summary judgment saying there was no evidence of notice. And that just flies in the face of all the facts. It's arbitrary and capricious. I think I've already addressed the issue of the statute of repose, but let me mention it again. The other only basis of the summary judgment motion was that this statute of repose applied to bar the claim. Now, it appears that the state pretty much abandoned that argument in its brief. But nonetheless, that was the only other basis for this claim for summary judgment. Once again, the court of claims did, in the fashion of an oracle of Delphi or something, did not give us any reasons for their decision. So we're left to assume that since those were the issues raised, that's what they decided the case on. And that statute of repose just simply does not apply here. It's very clear. Going back to Justice Stewart's comment, do you believe that the trial court can find there's a misapplication of law and then say, but we can't review it because they can't notice an opportunity to be heard? Well, to a certain extent, the Supreme Illness Report has said that with these court of claims decisions, you cannot review the mere correctness of the decision. So to that extent, I would have to agree that that's the case. Once again, we think this goes far beyond that and that this was an arbitrary and capricious decision completely lacking any basis in the law or the facts. I mean, the decision flies in the face of the facts. Let's take maybe an even more extreme example. Let's say that this superintendent of the grounds had actually testified. The idea was two surfaces were different. I knew this one was slick as all get-up. It was dangerous. I knew it for years. I just never did anything about it. Let's say he had testified to that. And then the state had filed a summary judgment motion claiming a lack of notice of this condition. And let's say the court of claims granted it, which in effect is what we're really saying happened here. I can't believe that there's no recourse in a situation like that, whether you call it procedural due process or substantive due process. I think when you get to a certain point, it's hard to describe a legal opinion, I guess, in black and white on paper as shocking the conscience. But I'll tell you, when I got this decision from the court of claims, it shocked my conscience as a lawyer that this decision was so far wrong. And under those circumstances, there has to be a remedy for that. And I think the remedy is writ of certiorari, limited review just to make sure that there was some basis in law or in fact for the decision. That goes to the substantive side. Procedurally, the court of claims is required to rule on these cases just as an actual constitutional court would decide a case in court. And they're required to apply the same rules and the Civil Practice Act and the Supreme Court rules just as a constitutional court does. And if they don't do that, they're exceeding their jurisdiction and they're not following their own rules, and that is a violation of procedural due process. So at any rate, we're arguing that the procedural due process is implicated here, but also substantive due process. And we have cited a whole string of cases, not involving the court of claims, but involving all other types of administrative review boards, et cetera. Many of those cases did not involve claiming the court's fundamental right at all. And yet, in those cases and this court, there's at least one case from this court from a number of years ago that we cited where the court looked at the substance of the decision and actually reversed it because the decision was arbitrary and capricious. Now, the Illinois court of claims, in fact, is not a court. The Illinois court of claims is actually the Illinois legislature acting in some sort of fact-finding capacity. There's no reason to differentiate between that and any other type of administrative board or agency. I mean, why should the Illinois court of claims decisions be absolutely immune from any review and be the only such body in the state of Illinois where that's the case? To me, it does not make any sense. I think that the court of claims decisions are properly reviewed, once again, just on the basis of whether there's any basis in the law or in fact for them. If there is, that's it. The petitioner loses. If there's not, well, then it has to be returned to the Illinois court of claims for them to get it right, in effect. In our brief, we made reference to the fact that the Supreme Court opinions saying that you cannot review the correctness of the decision cannot be, quote, taken at face value. And that was probably a clumsy way of saying that they're distinguishable because here we don't feel that we are seeking a review just of the mere correctness of the decision. We're asking the court to make a finding that the decision was arbitrary, capricious, and fully lacking in law and fact, and that precise issue really has not been addressed by the Supreme Court opinions. Yes, the court has said you can review the mere correctness of the decision, but it has not gone on to say that there's absolutely no review of the correctness of the decision. So we think that this court, even, or you have to be consistent with the Illinois Supreme Court decisions, is still able to review this on the limited basis that we have suggested. I have, you know, handled many slip and fall cases in my life, both for a plaintiff and for a defendant. I would never even get into a case like that. I mean, I know you have to have notice and all those issues, and I would never even get into a case like that unless I knew we had – unless we were on firm ground, no pun intended. So when this decision came back, granting summary judgment in a situation where there was absolutely no basis for it, I mean, you could have knocked me over with a feather, and I think that qualifies as, quote, shocking to conscience. So, Your Honors, we are asking the court to review this court of claims decision in the limited manner we have suggested and reverse the decision because it violates our client's procedural and substantive due process rights and remand the case ultimately back to the court of claims for a trial on merits. And who knows, we may get the same result on a trial. The court of claims has kind of telegraphed this decision, I guess. But nonetheless, I think that this violates my client's constitutional rights to have her ultimate day in the court of claims. So we're asking the court to review this and reverse the decision. Okay. Thank you. Thank you, Mr. Subject. You'll have rebuttal time. Okay. Can you help me with your name, please? Okay. You're up. Good morning, Your Honors and counsel. May it please the court. Assistant Attorney General Linda Huachianza on behalf of the respondents. As the Illinois Supreme Court recognized in record, the Court of Claims Act provides no method of review for court of claims decisions. In record, the court noted that the writ of certiorari is available to address due process violations by the court of claims, but it's not available to address whether or not the court of claims decision is accurate. Although the Illinois Supreme Court didn't specifically use the word procedural, it found that the requirements of due process are met when there's an orderly proceeding in which a party has the opportunity or rather receives adequate notice and an opportunity to meaningfully participate. Notice and opportunity to be heard are the hallmarks of procedural due process. In this case, Hastings received notice of the proceeding, she participated in it, and she was given an opportunity to be heard in a meaningful manner. Because she received due process, the trial court correctly denied her petition for writ of certiorari. This was a tort action for damages against the state, and in general, the state lawsuit immunity act provides that the state shall not be made a defendant in any court. The Court of Claims Act is one exception, and the act vests the court of claims with exclusive jurisdiction to hear and determine any claims against the state for damages sounding in tort. But does that allow the court of claims to make up its own rule of law? No, Your Honor, and I don't think there's any evidence here that the court of claims did in fact make up its own rule of law. So you don't think the court of claims misapplied the law here? I don't, and in record, the Supreme Court found that even if there were a mistake made by the court of claims, that that does not amount to a due process violation. But in this case, Hastings argues that essentially no court could have come to the decision that the court of claims did. And that's not actually true, there is evidence in the record supporting the grain of some judgment. But again, even if the court did make a mistake, rather the court of claims did make a mistake, that's not a due process violation. So as I said, they could make multiple mistakes of law and it would never be reviewable. Based on the Supreme Court's decision in record. I mean, that's what we're stuck with in Illinois, is your argument. Indeed. So before the court of claims, the parties participated in several management conferences. Hastings presented testimony at her deposition. She deposed the state's fairgrounds manager, filed various pleadings, including her expert report and an affidavit from her expert. And after the court of claims received all of this evidence, it granted summary judgment in respondents' favor. As we noted, and as is clear from not just Reichert, but the Rossetti decision, the due process question in this context is whether the claimant got an opportunity to be heard at a meaningful time and in a meaningful manner. We're not aware of any Illinois cases suggesting that substantive due process has any import within the context of reviewing a court of claims decision. Again, the cases all refer to a meaningful opportunity to be heard, which Hastings was heard in this case. So despite the issues that Hastings attempts to raise in her brief and before the court this morning, the question is very narrow whether or not she received procedural due process. And the record demonstrates that in this case she did. The court, the circuit court in this case, based on its review of the record, disagreed with the grant of summary judgment. But it properly recognized that based on finding a Supreme Court precedent, the only question is whether or not she received due process. The Illinois Supreme Court has ruled that a circuit court's decision not to grant a petition for a writ of certiorari is reviewed for an abuse of discretion. The circuit court did not abuse its discretion in this case. And unless there are any further questions, we ask that the circuit court's decision be affirmed. Thank you. Thank you. Mr. Sanchez. Counsel for the state indicated that procedural due process involves having the opportunity to be heard at a meaningful time and in a meaningful manner. What does that term meaningful manner mean? The way counsel describes the procedural due process right, it involves empty formalism. As long as I go through the motions and write a paper and lick a stamp and mail it into the court, as long as I'm given that chance, that's all this involves. It's our contention that in this context, in this limited case involving summary judgment, procedural due process has to include making a decision based on the proper standards and the proper rule of law. And I think it's clear that the court of claims didn't do that for whatever reason. And so once again, we feel that our constitutional rights were violated. And we're asking the court to review this and send it back to the court of claims with instructions to proceed with trial on the merits. And then if we receive that, win or lose, I think we will have gotten our rights. So if the court does not have any other questions, I will conclude my presentation also. Thank you. Thank you, Mr. Sutton. Okay, this matter will be taken under advisement and the disposition will issue in due course and the court will take a brief recess.